FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

MILLICENT CHIHOTA

Plaintiff,

V.                                                         CIVIL ACTION NO

**WDQ12CV0975**

FULTON, FRIEDMAN & GULLACE, LLP

MIDLAND FUNDING LLC

Defendant.                                                MARCH 25, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Columbia, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant Fulton Friedman & Gullace, LLP is a debt collector within the FDCPA.

1

6. Defendant Fulton Friedman & Gullace, LLP is a collector within the MCDCA.

7. Defendant is a licensed collection agency engaged in the business of collecting debts in the State of Maryland with a principal place of business located at SUITE 500, 28 EAST MAIN STREET, ROCHESTER, NY 14614 and is authorized to do business in Maryland.

8. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant Midland Funding LLC is a debt collector within the FDCPA.

10. Defendant Midland Funding is a collector within the MCDCA.

11. Defendant Midland Funding LLC is joint and severally liable for all action or omission by their collection agent Fulton Friedman & Gullace, LLP.

12. Defendant Fulton Friedman & Gullace, LLP, communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

13. The Defendant Fulton Friedman & Gullace, LLP, contacted the Plaintiff via written letter dated March 30, 2011. *See Exhibit* 1.

14. The Defendant's collection letter (exhibit 1) stated it would assume the debt valid unless the Plaintiff contacted them within 30 days **after receiving this notice.** Exhibit 1.

2

15. The next subsection of the FDCPA states pursuant to §1692g (4) "a statement that if the consumer notifies the debt collector in writing **within the thirty-day period** that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

16. The Defendant shortened the validation of debts clause, as their notice states in §1692g (4) "If you notify this office in writing **within 30 days from receiving** this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

17. The Plaintiff contacted the Defendant via telephone within the 30 days period on or about April 25, 2011 in an attempt to dispute a debt alleged by Defendant to be owed by Plaintiff.

18. The collection agent provided a "mini Miranda" notice otherwise known as the required notice pursuant to §1692e (11) "that this is an attempt to collect a debt" and in addition advised the Plaintiff that the call was being recorded.

19. The Defendant advised the Plaintiff that she could not dispute this debt, without consequences, including being sued by the Defendant which statement is false, deceptive and misleading in violation of §1692e.

20. The Defendant stated this account must be your debt and stated the Plaintiff was lying about not owing this account.

21. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the Plaintiff's right to dispute a debt.

22. The Defendant's initial collection letter stated "Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt."

23. The Plaintiff alleged that her last payment was well beyond three year before the date of this letter and the statute of limitations has run on this account, therefore they Defendant's statement is false, deceptive and misleading and in violation of the FDCPA. §1692e.

24. Upon receipt of the initial collection letter (Exhibit 1) the Plaintiff sent a dispute letter in writing to the Defendant, via certified mail dated April 20, 2011 and the Defendant signed for this letter on April 21, 2011.

25. Pursuant to the FDCPA §1692g all collection activity is required to cease until such time as the Defendant provided written verification of the Debt to the Plaintiff.

26. The Defendant attempted to collect this debt from the Plaintiff on April 25, 2011, despite the prohibition from doing so as Defendant had not yet verified the debt in writing and mailed a copy of the written proof of the debt to the Plaintiff, violation §1692g.

27. Plaintiff through the undersigned counsel sent a pre suit demand letter dated April 26, 2012, to the Defendant advising them that the Kennedy Law Firm represented Plaintiff Millicent Chihota. *See Exhibit 2 (fax confirmation sheet attached)*

28. Defendant contacted the Plaintiff despite her known representation two (2) times after the Kennedy Law Firms letter of representation and continued to attempt to collect a disputed debt, despite the prohibition from collecting a disputed debt, once the debt collector received a dispute, until such times as Defendant validated the debt in writing pursuant to 1692g and also communicated with a known represented consumer and violated 1692c.

29. Plaintiff through the undersigned counsel sent a second (2nd) pre suit demand letter dated May 9, 2012, to the Defendant advising them that they continued to communicate with a known represented party and violated the FDCPA's prohibition. *See Exhibit 3 (fax confirmation sheet attached)*

30. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

## SECOND COUNT:

31. The allegations of the First Count are repeated and realleged as if fully set forth herein.

32. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code Commercial

Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

33. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff statutory damages pursuant to MDCDCA.
3. Award Plaintiff costs of suit and a reasonable attorney's fee.
4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF
BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com