IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MILLICENT CHIHOTA,                      *

    Plaintiff,                      *

        v.                      *

                           *          CIVIL NO.: WDQ-12-0975
FULTON, FRIEDMAN & GULLACE, LLP,
et al.,                                 *

    Defendants.                     *

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

Millicent Chihota sued Fulton, Friedman & Gullace, LLP ("Fulton") and Midland Funding LLC ("Midland") for violating the Fair Debt Collection Practices Act[1] ("FDCPA"), and other claims.[2] For the following reasons, the Court will grant Fulton's motion to dismiss with prejudice.

---

[1] 15 U.S.C. §§ 1692, et seq.

[2] The Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201, et seq. ("MCDCA"), and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101, et seq. ("MCPA"). Chihota incorrectly refers to the MCPA as the "Consumer Practices Act." ECF No. 1 ¶ 1.

I.  Background[3]

   A. *Chihota I*

   On May 10, 2011, Chihota sued Fulton for violating the

FDCPA, the MCDCA, and the MCPA.  *Chihota v. Fulton, Friedman &*

*Gullace, LLP*, No. RDB-11-01273, 2012 WL 1319816 (D. Md. Apr. 16,

2012) ("*Chihota I*").  Chihota alleged that Fulton had contacted

her by a March 30, 2011 letter, "in connection with collection

efforts with regard to [her] disputed personal debt."  *Chihota*

*I*, ECF No. 1 ¶¶ 9-10.  The collection letter informed Chihota

that Fulton would assume her debt to be valid unless she

disputed its validity within 30 days.  *Id.* ¶ 11.[4]  Fulton noted

that, if Chihota timely disputed the debt in writing, "this

office will obtain verification of the debt or . . . a copy of a

judgment and mail you a copy of such judgment or verification."

*Id.* ¶ 13.[5]

   By April 20, 2011 letter, Chihota notified Fulton that she

---

[3] For the motion to dismiss, the well-pled allegations in the
complaint are accepted as true.  *Brockington v. Boykins*, 637
F.3d 503, 505 (4th Cir. 2011).  The Court will consider the
pleadings, matters of public record, and documents attached to
the motion that are integral to the complaint and whose
authenticity is not disputed.  *See Philips v. Pitt Cnty. Mem'l*
*Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[4] *See* 15 U.S.C. § 1692g(a)(3).

[5] *See* 15 U.S.C. § 1692g(a)(4).  The letter further stated that,
"[d]isregard of this notice may result in the commencement of
legal proceedings against you for collection of this debt."
*Chihota I*, ECF No. 1 ¶ 19.

disputed the debt. *Chihota I*, ECF No. 1 ¶ 21. On or about
April 25, 2011, Chihota reiterated her objections by phone. *Id.*
¶ 14. Allegedly, Fulton's collection agent "advised [Chihota]
that she could not dispute this debt[] without consequences,
including being sued by [Fulton]." *Id.* ¶ 16. Also on April 25,
Fulton allegedly "attempted to collect [the] debt," before
having verified it in writing or obtained a copy of the
judgment. *Id.* ¶ 23.

In Count I of her complaint, Chihota alleged that Fulton
had violated FDCPA §§ 1692e, 1692f, and 1692g, by
"misrepresenting [her] right to dispute a debt," and failing to
cease collection activity until Chihota received written
verification thereof. *Chihota I*, ECF No. 1 ¶¶ 18, 22-24.[6]  In
Count II, Chihota alleged that Fulton had engaged in "unfair or
deceptive acts" in violation of the Maryland statutes. *Id.* ¶¶
26-27. She requested statutory damages, attorney's fees and
costs, and "such other and further relief as this Court may see
fit." *Id.* at 5.

On October 28, 2011, Fulton moved to dismiss under Fed. R.
Civ. P. 12(b)(5) for untimely service of process. *Chihota I*,
ECF No. 5. In her opposition and request for an extension of

---

[6] Chihota additionally alleged that the March 30 collection
letter--which threatened future legal proceedings against her--
was "false" and "misleading" because the statute of limitations
had run on her account. *Chihota I*, ECF No. 1 ¶¶ 19-20.

time,[7] Chihota asserted that her private process server had attempted to serve Fulton "[five] or more times," but was unsuccessful. *Chihota I*, ECF No. 7 at 2. Counsel explained that he had not earlier moved for an extension of time because of "a medical procedure done on both my eyes which caused this delay." *Id.* at 3.

On April 16, 2012, Judge Bennett granted Fulton's motion. *Chihota I*, ECF No. 12. The parties did not dispute that service was due by September 26, 2011, and that Fulton was served on October 18, 2011. *Chihota I*, ECF No. 11 at 2. Judge Bennett emphasized that: (1) counsel had waited until July 13, 2011 to mail the summons and complaint to the process server; (2) counsel followed up with that server only four times, the last of which was September 1, 2011; and (3) there was no allegation, let alone evidence, that Fulton had sought to evade service. *Id.* at 6.[8] Counsel's eye surgery did not provide good cause for the delay, *id.* at 7, nor did it demonstrate "excusable" neglect that could justify failure to timely move for an extension of

---

[7] Chihota's opposition was also untimely. *See Chihota I*, ECF No. 11 at 3.

[8] Fulton submitted an affidavit by an office manager of Fulton's Maryland Office, which indicated that no employee was approached by a process server during the period in question. *Chihota I*, ECF No. 9-1 ¶¶ 5-7.

time, *id.*[9]

  B. The Pending Action ("*Chihota II*")

  On March 29, 2012--after Fulton moved to dismiss in *Chihota I* but before Judge Bennett ruled on that motion--Chihota filed suit in this Court against Fulton and Midland. ECF No. 1.  The complaint in *Chihota II* is substantively identical to the complaint in *Chihota I*, except that: (1) Chihota added Midland as a defendant, *see id.* ¶¶ 9-11,[10] and (2) Chihota newly alleges that Fulton violated the FDCPA by contacting her directly after learning she was represented by counsel, *see id.* ¶¶ 27-29.[11]  She seeks the same relief as that sought in *Chihota I*.  *Id.* at 6.

  On April 24, 2012, Midland answered the complaint.  ECF No. 3.  On April 26, 2012, Fulton moved to dismiss on the grounds that *Chihota II* is duplicative of *Chihota I*.  ECF No. 5.[12]  On June 7, 2012, Chihota timely opposed the motion.  ECF No. 9; *see* ECF No. 7.  On June 25, 2012, Fulton replied.  ECF No. 10.

_____

[9] *See Chihota I*, ECF No. 11 at 7 (explaining that another attorney at counsel's law firm could have effected service of process).

[10] Chihota conclusorily alleges that Midland is "joint [sic] and severally liable for all action or omission by their [sic] collection agent [Fulton]."  ECF No. 1 ¶ 11.

[11] *See* 15 U.S.C. § 1692c(a)(2).

[12] Fulton's motion to dismiss referred to the plaintiff as "Donna Michael."  ECF No. 5-1 at 1.  In its reply, Fulton characterizes the misnomer as "inadverten[t]," and asks the Court to "read Millicent Chihota, where the name Donna Michael was used in the memo."  ECF No. 10 at 1.

## II. Analysis

### A. Standard of Review

"As between two federal district courts, the general rule is that duplicative litigation should be avoided." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 206 (4th Cir. 2006).[13] Dismissal of a duplicative lawsuit "foster[s] judicial economy" and the "'comprehensive disposition of litigation.'" *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id.*

### B. Fulton's Motion to Dismiss

Fulton argues that *Chihota II* is "identical in all respects" to *Chihota I*, except for the addition of Midland as a defendant. ECF No. 5-1 at 1. According to Fulton, Chihota brought this action while *Chihota I* was still pending to "avoid running afoul" of the one-year statute of limitations on claims brought under the FDCPA. *Id.; see* 15 U.S.C. § 1692k(d). Fulton

---

[13] *See also Gross*, 468 F.3d at 207 n.6 (stating that the Fourth Circuit and other courts have "amplified" this general rule by suggesting that a district court may stay or dismiss a suit that is duplicative of another federal court suit as "part of its general power to administer its docket"); *id.* (collecting cases).

requests the Court to dismiss Chihota's complaint with preju-
dice. ECF No. 5-1 at 2.[14] Chihota objects that the pending
action is not duplicative because, in addition to adding Midland
as a defendant, she has alleged new violations of the FDCPA.
ECF No. 9 at 1 (*citing* ECF No. 1 ¶¶ 28-29).[15] Chihota alterna-
tively argues that Fulton's motion is moot because, at the time
the motion was filed, *Chihota I* had been dismissed and thus
"there was only one matter currently pending before the Court."
*Id.* at 2.

"It is undisputed that it is within a district court's
power to stay or dismiss a suit that is duplicative of another
federal court suit."[16] The rule against duplicative litigation,
also referred to as "claim splitting," is the "other action

---

[14] Fulton alternatively argues that the Court "should at least
dismiss those claims that would have been untimely had [Chihota]
waited to file [*Chihota II*] until the motion to dismiss [*Chihota
I*] had been decided on 04/16/2012." ECF No. 5-1 at 2.

[15] Chihota's counsel concedes that he filed this action, despite
*Chihota I*'s pendency, to avoid being barred by the FDCPA's
statute of limitations. ECF No. 9 at 2. He explains that it
was his "intention" to first file a notice of voluntary dismi-
ssal in *Chihota I*, and that he instructed his paralegal to do
so. *Id.* Counsel's paralegal Michael Kennedy attests that the
notice of dismissal was never filed because of "error." *See
id.*; ECF No. 9-1.

[16] *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F.
Supp. 2d 621, 626 (D. Md. 2006), *aff'd in relevant part*, 273 F.
App'x 256, 264-66 (4th Cir. 2008).

pending" facet of the res judicata doctrine.[17]  Like res
judicata, claim splitting "prohibits a plaintiff from prosecu-
ting [her] case piecemeal, and requires that all claims arising
out of a single wrong be presented in one action." *Hare*, 2011
WL 6153128, at *2 (internal quotation marks omitted).  "Thus,
when a suit is pending in federal court, a plaintiff has no
right to assert another action 'on the same subject in the same
court, against the same defendant at the same time.'"  *Id.*
(*quoting Curtis*, 226 F.3d at 139).[18]  When confronted with
duplicative litigation, and after weighing the equities of the
case, a district court is empowered to dismiss the duplicative
suit with prejudice.  *Adams v. Cal. Dep't of Health Servs.*, 487
F.3d 684, 688 (9th Cir. 2007).

The parties, the forum, and the underlying conduct that
gave rise to *Chihota I* and the present action are practically
identical.[19]  *Chihota II* differs from *Chihota I* only in that

---

[17] *Hare v. Opryland Hospitality, LLC*, No. DKC 11-1439, 2011 WL
6153128, at *2 (D. Md. Dec. 9, 2011) (internal quotation marks
omitted).

[18] "Often, the rule against claim splitting applies to prevent a
plaintiff from filing a new lawsuit after the court in an
earlier action has denied the plaintiff's request for leave to
amend to add the claims later asserted in the second lawsuit."
*Sensormatic*, 274 F. App'x at 265.

[19] *See Adams*, 487 F.3d at 689 ("[I]n assessing whether the second
action is duplicative of the first, we examine whether the
causes of action and relief sought, as well as the parties or
privies to the action, are the same."); *see also Serlin v.*

Chihota added new FDCPA claims and Midland as a defendant. *See generally* ECF No. 1. Neither amendment renders *Chihota II* a new, unrelated action. Chihota's new claims allege that "Defendant" violated FDCPA § 1692c by communicating with a known represented party. ECF No. 1 ¶¶ 27-29. Although brought under a different section of the FDCPA, these claims address the same pattern of conduct by the same party or its representative[20] in the same three-month time period. *See generally id.* ¶¶ 12-13, 17, 24-26, 27-29. Moreover, given that the alleged communications occurred in April and early May 2011,[21] the claims "could have been, and should have been," brought in *Chihota I*, which was filed on May 10.[22] *Chihota I*, ECF No. 1. Similarly, to the extent that Midland is liable for any of the allegedly wrongful

---

*Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

[20] Fulton is allegedly Midland's collection agent. ECF No. 1 ¶ 11.

[21] *See* ECF Nos. 1-2 at 1-2; 1-3 at 1-2.

[22] *See Rousseau v. Howard Cnty., Md.*, No. JFM-09-CV-1079, 2009 WL 4018551, at *3 (D. Md. Nov. 9, 2009), *aff'd on other grounds*, 425 F. App'x 193 (4th Cir. 2011); *Chihota I*, ECF No. 1; *see also McReady v. O'Malley*, No. RWT 08cv2347, 2010 WL 917821, at *4 (D. Md. Mar. 8, 2010) ("Because Plaintiff's new claims arising out of facts predating the [earlier action] could have been considered . . . had he timely raised them, he cannot avoid the consequences of his delay by simply filing new actions. Such strategies violate the rule against claims splitting and would render utterly meaningless Fed. R. Civ. P. 15(a)." (internal citation omitted)).

acts, Chihota should have added it as a defendant in *Chihota I*.
*See Rousseau*, 2009 WL 4018551, at *3.

Finally, Fulton's motion is not "moot" merely because
*Chihota I* had been dismissed when it was filed. The rule
against duplicative litigation is intended, in part, to prohibit
plaintiffs from "circumventing" a court's earlier ruling.[23] That
*Chihota I* has since been dismissed is therefore immaterial.
What matters is that, while *Chihota I* was ongoing and to avoid
the inevitable consequences of counsel's admitted delay in
effecting service of process in that suit,[24] Chihota filed a
second, substantially similar complaint in another federal
district court. Counsel did so, by his own admission, to avoid
being barred by the one-year statute of limitations imposed on
FDCPA claims. ECF No. 9 at 2. Had counsel timely effected
service of process to begin with, or timely moved for an
extension, he would not have been in this position. *See Chihota
I*, ECF No. 11 at 5-8. His decision to file a new complaint is

---

[23] *Levy v. City of New Carrollton*, No. DKC 09-2552, 2010 WL
3190876, at *3 (D. Md. Aug. 11, 2010) (internal quotation marks
omitted), *aff'd*, 462 F. App'x 329 (4th Cir. 2012); *id.*
(explaining that "the issues that Plaintiff contends occurred in
this action which were not fully litigated in the other pending
action could have been properly raised and litigated, but were
not because Plaintiff failed to raise them in a timely manner,"
and concluding that the doctrine against claim splitting
justified dismissal).

[24] *See Chihota I*, ECF No. 11 at 2, 5-7.

precisely what the doctrine against claim splitting is intended to thwart.[25]

Chihota's complaint against Fulton is duplicative, and therefore barred.[26]

III. Conclusion

For the reasons stated above, the Court will grant Fulton's motion to dismiss with prejudice.

_____12/4/12_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[25] *See, e.g., Walton v. Eaton Corp.*, 563 F.2d 66, 70, 71 (3d Cir. 1977) (explaining that a district court must "carefully insure[]" that the plaintiff does not "use the tactic of filing two substantially identical complaints" to "expand the procedural rights he would have otherwise enjoyed"); *Serlin*, 3 F.3d at 224 ("Alongside th[e] wholly legitimate concern for wise judicial administration is the fact that even if [the plaintiff] eventually does find himself out of court, that result will be entirely a consequence of the plaintiff's own failure to follow the rules.").

[26] Only Fulton has moved to dismiss. ECF No. 5. Fulton argues that its and Midland's interests are "substantially the same." ECF No. 5-1 at 1. Even if true, Fulton's allegation does not justify *sua sponte* dismissal of the action as to Midland. *See Martin v. Am. Bancorporation Retirement Plan*, 407 F.3d 643, 650-52 (4th Cir. 2005) (describing as stringent the "privity" standard applicable to assertions of res judicata); *see also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("Since [*sua sponte*] orders dismissing actions are the most severe, such orders must be entered with the greatest caution.").

11